## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | |
|---|---|
| **ROBERT LEE BROWN, JR.,** | ) |
| | )   **Case No. 5:20-cv-00010** |
| **v.** | ) |
| | ) |
| **MILLER SEABROOKS,** <u>et al.</u>, | ) |
| | )   **By:  Michael F. Urbanski** |
| Defendant. | )   **Chief United States District Judge** |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on defendant Robert Lee Brown, Jr.'s ("Brown")

motion to dismiss or strike the counterclaim included in plaintiff Miller Seabrooks'

("Seabrooks") amended complaint. ECF No. 27. Brown claims that the counterclaims were

compulsory under Federal Rule of Civil Procedure ("Rule") 13(a)[1] and therefore must have

been brought with the original answer. Brown further argues that under Rule 15,[2] a party may

---

[1] Rule 13. Counterclaim and Crossclaim:

(a) Compulsory Counterclaim.

    (1) In General. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:

        (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

        (B) does not require adding another party over whom the court cannot acquire jurisdiction.

    (2) Exceptions. The pleader need not state the claim if:

        (A) when the action was commenced, the claim was the subject of another pending action; or

        (B) the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.

Fed. R. Civ. P. 13.

[2] Rule 15. Amended and Supplemental Pleadings:

(a) Amendments Before Trial.

    (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

        (A) 21 days after serving it, or

        (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

    (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

    (3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

not amend the answer to include counterclaims without written consent of the opposing party

or leave of the court, which Brown states Seabrooks has not obtained. Seabrooks opposed the

motion, requesting leave to amend the complaint to include the counterclaims and arguing

that, due to Seabrooks' relationship with his insurer, he was unable to bring the counterclaims

as part of the answer. ECF No. 30. Brown replied, ECF No. 31, and the court heard argument

on October 28, 2020.

This case, Brown v. Seabrooks, et al., No. 5:20-cv-10 (W.D. Va. Feb. 13, 2020)

(hereafter "Brown") has been consolidated with a related case, Seabrooks v. Brown, No. 5:20-

cv-39 (W.D. Va. June 29, 2020) ("Seabrooks"), in which Seabrooks sought to bring the same

claims against Brown as he attempts to bring as counterclaims in this case. In Seabrooks,

Brown filed a similar motion to dismiss the complaint for failure to allege the compulsory

counterclaims in his answer in Brown.  For the reasons set forth herein, the court has entered

an order that **DISMISSES without prejudice** the related case, Seabrooks, and **DENIES** the

motion to dismiss in the instant case, Brown. The court **GRANTS** Seabrooks leave to amend

his answer to include the counterclaims.

## I.

This case arises out of a multivehicle accident which occurred on or about July 26, 2018

on Interstate 81 in Rockingham County, Virginia. Compl., ECF No. 1 at 2. The parties agree

that they were both driving on I-81 at the time, with Brown driving in the left lane and

Seabrooks driving in the right lane. Compare id., with Am. Answer and Countercl., ECF No.

25 at 4.

---

Fed. R. Civ. P. 15(a).

The parties disagree as to the cause of the collision. Brown contends that Seabrooks negligently merged from the right lane to the left lane, forcing Brown off the road and causing the accident. ECF No. 1 at 1–2. Brown claims that when he attempted to recover his path, his vehicle "jack-knifed," colliding with Seabrooks' vehicle, rolling onto the driver's side off the interstate and into the median. Id. Brown alleges that Seabrooks negligently failed to keep his vehicle under control, failed to use ordinary care in operating his vehicle, improperly changed lanes, and failed to maintain his lane of travel. Id. at 2. Brown claims he suffered "serious and permanent injuries and disfigurement and suffered a loss of wages" due to the accident. Id. He seeks $1,500,000 in damages.

Alternatively, Seabrooks claims that Brown negligently merged from the left lane to the right lane, causing cargo attached to Brown's vehicle to come loose and cause the accident. ECF No. 25 at 4. Seabrooks claims he suffered "serious and permanent injuries" and "has incurred loss of earnings." Id. at 2. He seeks $900,000 in damages. Id. at 5.

In November 2018, Seabrooks filed a complaint against Brown for negligence arising out of the accident, which was dismissed for lack of personal jurisdiction. Seabrooks v. Brown, Jr. et al., No. 1:18-cv-10155 (S.D.N.Y. Oct. 24, 2019), ECF No. 53.

Brown filed the instant action against Seabrooks in the Western District of Virginia on February 13, 2020. On July 21, 2020, plaintiff Brown amended the complaint to include S&M Moving and Storage ("S&M"), alleging that Seabrooks was an agent or employee of S&M and driving a vehicle leased by S&M at the time of the accident. ECF No. 18. Brown claims S&M is vicariously liable for the accident allegedly caused by Seabrooks. Id. at 2. Seabrooks filed an answer to the amended complaint on August 4, 2020.

Separately, Seabrooks filed a lawsuit against Brown and Evans Delivery Company, Inc. ("Evans") for negligence on June 29, 2020 in the Western District of Virginia. Seabrooks, ECF No. 1. Seabrooks claims that Brown was acting as an employee or agent of Evans and that he negligently caused the accident and injury. Id. Evans concedes that Brown was working within the scope of his employment at the time of the accident, ECF No. 5, but denies any negligence. Brown filed a motion to dismiss on August 18, 2020, arguing that the claim is barred because Seabrooks failed to bring it as a Rule 13(a) compulsory counterclaim in Brown. ECF No. 7.

On August 25, 2020, after Brown filed his motion to dismiss in Seabrooks, Seabrooks filed an amended answer in Brown including for the first time a counterclaim against Brown. Brown, ECF No. 25. Seabrooks' counterclaim alleges that Brown infringed on his travel lane negligently, caused the accident and injury, and owes Seabrooks $900,000 in damages. Id. at 3-4. On September 8, 2020, Brown filed a motion to dismiss or strike the counterclaim for failure to state a claim and a motion to strike the counterclaim from the amended complaint. ECF No. 27. He claims Seabrooks cannot bring a counterclaim now because he failed to plead it in his original answer and because he impermissibly attempted to circumvent the rules by filing a separate civil action. He further argues that the claims may only be revived with either the written consent of the opposing party or leave of the court under Rule 15.

In Seabrooks, Seabrooks filed a motion to consolidate this case with this case. Seabrooks, ECF No. 10. In his brief, counsel for Seabrooks explained that the attorney representing Seabrooks in the original lawsuit filed by Brown was replaced, and that due to the unique relationship between Seabrooks and his insurer, he needed to file a separate action under which an independent investigation would be conducted for liability purposes. Seabrooks, ECF No. 11. Magistrate Judge Joel C. Hoppe granted the order to consolidate the

cases under Rule 42, finding the two actions "pose substantially similar issues of law and fact" and that consolidation would be "appropriate." Seabrooks, ECF No. 21 at 3. Judge Hoppe confirmed that consolidation did not bear on the merits of the pending motions to dismiss in both actions. Id. at 6–7.

## II.

Brown has filed a motion to dismiss the counterclaim as untimely and barred under Rule 12(b)(6) or, in the alternative, a motion to strike the counterclaim from the amended answer under Rule 12(f).[3] The court finds a Rule 12(b)(6) analysis inappropriate since the dispute hinges on the procedural developments in the consolidated cases rather than substantive facts pled in the complaint. Instead, the court considers whether the motion to strike the counterclaim should succeed under Rule 12(f) as "insufficient" or "redundant, immaterial, impertinent, or scandalous matter," or under Rule 15 for undue delay. Fed. R. Civ. P. 12(f); Fed. R. Civ P. 15. The court construes Seabrooks' filing of an amended answer and its opposition to the motion to dismiss as a request for leave to file the counterclaim.

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In applying such rule, "a district court has broad discretion in deciding whether to strike matters from pleadings." F.D.I.C. v. Willetts, 882 F. Supp. 2d 859, 870 (E.D.N.C. 2012), recons. den. (Oct. 2, 2012) (citing Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc., 227 F. App'x 239, 246

---

[3] Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing:
(f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
    (1) on its own; or
    (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.
Fed. R. Civ. P. 12(f).

(4th Cir. 2007)). However, "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed. 1990)).

"Although Rule 12(f) provides the procedural mechanism for striking a pleading, a central issue in this motion is [Rule] 15(a), which governs amendments to pleadings." Virginia Innovation Scis., Inc. v. Samsung Elecs. Co., 11 F. Supp. 3d 622, 630 (E.D. Va. 2014). Rule 15 provides that a party may amend its pleading after the time limit specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires." Id. The Fourth Circuit allows parties to liberally amend "in keeping with the spirit of [Rule] 15(a)." Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010).

## III.

The court finds Seabrooks' counterclaims compulsory as they arose out of the same "transaction or occurrence" as the July 26, 2020 accident. A compulsory counterclaim is a claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and does not require the addition of a third party over whom the court lacks jurisdiction. Fed. R. Civ. P. 13(a)(1). To help determine if a counterclaim is compulsory, the Fourth Circuit considers whether (1) the counterclaim involves largely the same issues of fact and law as the original claim, (2) res judicata would bar subsequent suit on the counterclaim absent this rule, (3) the counterclaim would be supported or refuted by substantially the same evidence as the original claim, and (4) there is some logical relationship

between the counterclaim and the original claim. Painter v. Harvey, 863 F.2d 329, 331 (4th Cir. 1988) (citing Sue & Sam Mfg. Co. v. B-L-S Constr. Co., 538 F.2d 1048, 1051–53 (4th Cir. 1976)). Generally, compulsory counterclaims must be raised in the pleadings or they will be forfeited. Fed. R. Civ. P. 13(a)(1).

Brown requests the court strike the counterclaims, arguing that Rule 15(a) does not permit Seabrooks to bring new counterclaims, even if compulsory, when the amended complaint does not "change the theory or scope of the case." Id. at 4. Brown contends that even if Rule 15(a) permits the counterclaims, the court should still strike them as untimely filed and a dilatory tactic. ECF No. 28 at 7–8. At the hearing, Seabrooks responded that the counterclaim was not filed alongside the answer due to contractual limitations on the insurance-appointed representative in the matter, which allegedly cabined counsel for Seabrooks' responsibilities to responding to the complaint and prevented him from asserting affirmative counterclaims on Seabrooks' behalf. Seabrooks has retained new counsel, who argues that he was permitted to assert new counterclaims in responding to an amended complaint as a matter of right. ECF No. 30 at 5. Seabrooks further argues that he filed his original answer to the amended complaint within 14 days pursuant to Rule 15(a)(3), and filed his amended answer to the amended complaint within 21 days thereafter, pursuant to Rule 15(a)(1)(A). Therefore, he argues, his pleading was timely.

The court finds no grounds for striking the compulsory counterclaims from the amendment. Although the court finds that the counterclaims were untimely, and consequently not filed as a matter of right under Rule 15(a), it also finds good cause to grant Seabrooks leave to file the counterclaim. Virginia Innovation, 11 F. Supp. 3d at 630–32 (holding that under the "moderate approach," counterclaims in response to an amended complaint must reflect the

breadth of the changes in the amended complaint). The "general purpose" of the compulsory counterclaim mandates of Rule 13(a) is "to have all related actions heard at one time". Painter, 863 F.2d at 334. Consistent with this policy, the Fourth Circuit has held "compulsory counterclaims should be granted freely." Barnes Grp., Inc. v. C&C Prods., Inc., 716 F.2d 1023, 1035 n. 35 (4th Cir. 1983) (citing 3 J. Moore, MOORE'S FEDERAL PRACTICE ¶ 13.33, at 13-196 (2d ed. 1983)).

In granting Seabrooks leave to file his counterclaims, the court considers whether there is "good cause" to depart from the court's scheduling order in the case. Fed. R. Civ. P. 16(b)(4). "[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). "Under the 'good cause' standard for modifying a scheduling order, courts focus on the movant's diligence." Osprey Consulting I, Inc. v. Westport Ins. Corp., No. CV SAG-19-03092, 2020 WL 5106715, at *3 (D. Md. Aug. 31, 2020). Although the court disagrees with Seabrooks' assertion that the insurance company's representative did not have the authority to file counterclaims on his behalf, the court finds no bad faith in the failure to file the counterclaims. Seabrooks indicated that the insurance company was wary of filing counterclaims which might potentially give rise to a conflict of interest issue later in the litigation. Further, denying Seabrooks leave to bring counterclaims would prevent him from bringing those claims again under res judicata. Accordingly, the court finds good cause to amend the scheduling order.

Next, the court evaluates the motion for leave to file the counterclaims under Rule 15(a). Although a party should move to amend a pleading as soon as the need to do so becomes apparent, "delay alone is an insufficient reason to deny leave to amend." Edwards v. City of

Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999); Deasy v. Hill, 833 F.2d 38, 41 (4th Cir. 1987).

Denial of leave to amend is justified if there is delay and (1) the amendment would prejudice

the opposing party, (2) the movant has acted in bad faith, or (3) the amendment would be

futile. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quoting Johnson v. Oroweat Foods

Co., 785 F.2d 503, 509 (4th Cir. 1986)). There is no prejudice in permitting Seabrooks to bring

these counterclaims. First, the court notes that discovery has only just started in the case.

Second, the court recognizes that Brown knew or should have known about these potential

counterclaims given that Seabrooks denied negligence in his answer to Brown's complaint and

filed a separate lawsuit alleging those counterclaims in this district. Further, Seabrooks filed a

lawsuit alleging the same claims in a New York district court in 2018, shortly after the accident.

Brown was on full notice of these counterclaims. Finally, there is no evidence of impermissible

forum shopping here, as both actions were originally brought in federal court. McCaulley v.

Purdue Pharma., L.P., 172 F. Supp. 2d 803, 809 (W.D. Va. 2001) (finding that counterclaims

bringing in a new defendant that destroys diversity might be filed in bad faith to force a remand

to state court). The court finds no evidence of gamesmanship in the failure to file the

counterclaims in the original answer and grants Seabrooks leave to file the counterclaim.

For the forgoing reasons, the court **DENIES** Brown's motion to strike the

counterclaims and **GRANTS** Seabrooks leave to file his compulsory counterclaim.

It is so **ORDERED**.

Entered: November 19, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.11.19 17:31:31 -05'00'

Michael F. Urbanski
Chief United States District Judge